UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH DRAPER,

              Petitioner,

v.
                                     Case No. 25-cv-10250
                                     HON. MARK A. GOLDSMITH

WARDEN RARDEN,

              Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS (Dkt. 1)**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner

Joseph Draper, currently confined at the Federal Correctional Institution in Milan, Michigan,

challenges the Federal Bureau of Prisons' (BOP) determination that he is ineligible to earn

credits toward his federal sentence under the First Step Act (FSA) as well as the calculation of

his release date under the Second Chance Act (SCA). (Dkt. 1.) Respondent filed an answer,

contending that the petition should be dismissed. For the reasons stated below, the Court denies

the petition.

## I.   BACKGROUND

On February 8, 2022, Petitioner pleaded guilty to possession with intent to distribute five

grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and §

841(b)(1)(A) in the United States District Court for the Eastern District of Tennessee. United

States v. Joseph Draper, No. 21-cr-00081, Dkt. 20, (E.D. Tenn.). The court sentenced Petitioner

to 70 months imprisonment and 4 years supervised release. (Dkt. 6, PageID.37–38.)

1

In January 2025, Petitioner initiated this habeas action pursuant to 28 U.S.C. § 2241. He primarily challenges the BOP's calculation of his release date and argues that the BOP is not applying his time credits in accordance with the First Step Act and the Second Chance Act. He seeks transfer to prerelease custody. His projected release date is July 8, 2026.

## II. ANALYSIS

### A. Exhaustion

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. See Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013). The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Ridley v. Smith, 179 F. App'x 109, 111 (3d Cir. 2006) (punctuation modified). Dismissal of habeas corpus petition without prejudice is inappropriate, where any further attempt by a prisoner to exhaust the Bureau of Prisons' administrative procedures would be futile. See Bauer v. Henman, 731 F. Supp. 903, 906 (S.D. Ill. 1990).

Respondent argues that the petition is subject to dismissal because Petitioner has failed to exhaust his administrative remedies before initiating this habeas action. However, the Court will not address the exhaustion requirement because Petitioner's claims do not warrant habeas corpus relief, and it would be a waste of time and resources to require exhaustion of administrative remedies or to address Petitioner's argument that it would be futile to do so. The Court therefore excuses the exhaustion requirement and will proceed to address the merits of the claims.

### B. Merits

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Petitioner's application is properly brought under § 2241 because he is challenging the manner in which his sentence is being executed.

Eligible federal inmates, those whose convictions do not exclude them from receiving FSA benefits, may earn FSA time credits or FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (i) his or her recidivism-risk rating is minimum or low and (ii) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); see also 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or rules of programs or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

Because certain requirements must be met before FTCs can be applied toward an inmate's sentence, the BOP makes a distinction between "earned" FTCs and "applied" FTCs. For earned FTCs to be applied to a sentence, an eligible prisoner must have (i) earned FTCs in an

amount equal to his or her remaining term of imprisonment, (ii) shown through periodic risk assessments, a demonstrated reduction in recidivism risk or maintaining a low or minimum risk during his or her incarceration, and (iii) had the remainder of his term computed under applicable law. 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)–(d). Only "earned" FTCs "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

In addition to the FTCs, the BOP also assesses each inmate individually under the SCA to determine whether they might qualify for up to 365 additional days of early transfer to prerelease custody. The SCA gives the BOP the authority to determine an inmate's eligibility for residential re-entry center (RRC) placement. See SCA of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692–693 (April 9, 2008), 18 U.S.C. § 3624(c). The Act provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

The decision to place an inmate in prerelease community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62, 440, 441–442 (Oct. 21, 2008). These factors include: (i) the resources of the facility contemplated; (ii) the nature and circumstances of the offense; (iii) the history and characteristics of the prisoner; (iv) any statement by the court that imposed the sentence; and (v) any pertinent policy statement issued by the Sentencing Commission. See 18 U.S.C. § 3621(b).

Notably, inmates have no right under the federal constitution to earn or receive sentencing credits. See Moore v. Hofbauer, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing

Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. See Sotherland v. Myers, 41 F. App'x 752, 753 (6th Cir. 2002).

First, Petitioner is not entitled to habeas relief for the BOP's application of his sentencing credits under the FSA. The record before the Court shows that Petitioner is ineligible to receive earned-time credits. To determine whether an inmate is eligible to apply earned-time credits under the FSA, the BOP conducts a risk and needs assessment, known as the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN). The assessment places inmates in one of four categories to determine risk of recidivism: minimum, low, medium, or high. Only inmates with "a demonstrated recidivism risk reduction or [ ] [who] [have] maintained a minimum or low recidivism risk" are eligible to apply earned FSA time credits. 18 U.S.C. § 3624 (g)(1); see also Knight v. Bell, No. 20-3108, 2021 WL 1753791, at *4 (D. Md. May 4, 2021) (acknowledging that "[b]efore the credits are applied, however, eligible inmates must first serve a certain portion of their sentence and attain a low or minimum risk level on PATTERN").

Petitioner's latest PATTERN score from February 2025 indicated he was a "high" recidivism risk. (Dkt. 6, PageID.43.) Based on the record before the Court, Petitioner has yet to receive a PATTERN score indicating a minimum or low risk of recidivism. Until he receives a "minimum" or "low" PATTERN score, he is ineligible to receive earned-time credits under the First Step Act. See Swan v. Rokosky, No. 24-1973, 2025 WL 637451, at *3 (D. Md. Feb. 27, 2025) ("Swan is eligible to receive earned time credits because his conviction is not a disqualifying offense, but due to his medium PATTERN score, he cannot have those earned time credits applied to his sentence.").

Second, Petitioner is not entitled to habeas relief simply because the BOP will not provide him with an earlier prerelease placement date under the SCA. "[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." Lovett v. Hogsten, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009); See also Demis v. Sniezek, 558 F.3d 508, 513–514 (6th Cir. 2009). To the extent Petitioner challenges the BOP's calculation, such decision is discretionary, and there is no guarantee that he will receive a one-year RRC placement. See United States v. Browder, No. 13-20917, 2022 WL 2898632, at *3 (E.D. Mich. July 21, 2022).  Petitioner fails to show he is entitled to habeas relief on this basis. Accordingly, Petitioner is not entitled to habeas relief.

### III.    CONCLUSION

It is ordered that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is denied with prejudice. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Court denies Petitioner leave to appeal in forma pauperis because an appeal cannot be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). This case is closed.

**SO ORDERED.**

Dated: April 16, 2026                                          s/Mark A. Goldsmith
Detroit, Michigan                                           MARK A. GOLDSMITH
                                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager
